# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOLENE RAE DYE,

       Plaintiff,

vs.                                                                                                                            No. CIV 02-1501 JB/DJS

THE CITY OF ALBUQUERQUE, political subdivision of
the State of New Mexico; SGT. KIM KEARNEY, in her
individual capacity; SGT. MURRAY CONRAD, in his
individual capacity; Chief of Police GERRY GALVIN, in his
individual and official capacities as Chief of Police, and his
successor GIL GALLEGOS, Chief of Police; and LT. MIKE
CALLAWAY, in his individual capacity; SGT. ROBERT
HAARHUES, in his individual capacity; and SGT. C. BAKAS,
in his individual capacity,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Defendant City of Albuquerque's Motion to Dismiss Defendants Kim Kearney, Gerry Galvin and Gil Gallegos, filed April 16, 2004 (Doc 32); and (ii) Plaintiff's Motion for Alias Summons, filed April 23, 2004 (Doc. 34). The primary issue is whether the Court should dismiss the Plaintiff Jolene Rae Dye's claims against Defendants Kearney, Galvin, and Gallegos without prejudice for failure to serve them with process within 120 days of filing her Amended Complaint or allow the Plaintiff additional time in which to serve these three Defendants. The Court held a hearing on this matter on June 2, 2004. Because the Court finds that the relevant factors counsel against dismissing the claims against these Defendants at the present time, the Court will allow the Plaintiff an additional 15 days to attempt to serve Kearney, Galvin, and Gallegos. The Court will dismiss the Plaintiff's Motion for Alias Summons as moot.

**PROCEDURAL BACKGROUND**

Dye filed her Complaint on November 27, 2002. Dye filed her Amended Complaint on November 5, 2003. Both the original Complaint and the Amended Complaint named Kearney, former Chief of Police Galvin, and current Chief of Police Gallegos as defendants. See Complaint ¶¶ 5, 6, at 2-3; Amended Complaint ¶¶ 5, 6, at 2-3. Dye has sued Kearney, Galvin, and Gallegos in their individual capacities. See Amended Complaint ¶¶ 5, 6, at 2-3.

The rule 16 scheduling conference in this matter was held on February 3, 2004. The Defendants state in their brief that the City's counsel informed Dye's counsel at that conference that Kearney, Galvin, and Gallegos had not yet received service. Dye states in her response that she informed the Court at the scheduling conference that she had attempted to locate these Defendants but had been unable to do so. Defense counsel also asserts that Dye's counsel represented at the scheduling conference that he would effect service forthwith. Dye does not directly dispute that her counsel made that statement at the scheduling conference. She asserts, however, that defense counsel promised to promptly provide the addresses for these three Defendants and then did not do so.

Dye has not served Kearney, Galvin, and Gallegos. The City, pursuant to rule 4(m) of the Federal Rules of Civil Procedure, moves the Court for an order dismissing Dye's claims against Kearney, Galvin, and Gallegos. Dye opposes the City's motion and argues that she is entitled to either a mandatory or a permissive extension of time to effect service. Dye has also filed a motion requesting that the Court issue alias summons for these three Defendants.

**LAW ON FAILURE TO EFFECT TIMELY SERVICE**

Rule 4(c)(1) provides that "[t]he plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) . . . ." Rule 4(m) provides that a plaintiff

has 120 days after filing a complaint to serve a defendant; if a plaintiff fails to serve a defendant in 120 days, the Court may dismiss the complaint against the unserved defendant without prejudice.

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service shall be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). When a plaintiff sues a government agent in his or her individual capacity, the plaintiff must serve the individual defendant pursuant to rule 4. Service on the governmental defendant is not adequate service of process. See Despain v. Salt Lake Area Metropolitan Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994).

In the event a plaintiff does not timely serve a defendant, the Court must engage in a two-part inquiry to determine if it should dismiss the complaint as to the unserved defendant:

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). When interpreting an earlier version of the rule, the United States Court of Appeals for the Tenth Circuit stated that "the 'good cause' provision of [the] Rule . . . should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." Despain v. Salt Lake Area Metropolitan Gang Unit, 13 F.3d at 1438 (citation omitted).

If a plaintiff is unable to show good cause, the Court should consider several factors in

determining whether to grant a permissive extension, including whether the applicable statute of limitations would bar the refiled action, whether the plaintiff is proceeding *pro se*, whether a permissive extension would prejudice the defendants, and whether the defendants are evading service. See Espinoza v. United States, 52 F.3d at 842; Despain v. Salt Lake Area Metropolitan Gang Unit, 13 F.3d at 1439; Fed. R. Civ. P. 4(m), Advisory Committee Notes.

## ANALYSIS

Dye has not timely served these three Defendants. She filed both her original Complaint and her Amended Complaint more than 120 days ago. In his affidavit, Dye's counsel does not give specific details with regard to any attempts to serve the Defendants after September, 2003. See Affidavit of Thomas J. Clear, III (executed April 27, 2004). There is no adequate explanation why Dye has not made attempts to serve these Defendants during the last six months since the time she filed her Amended Complaint. Accordingly, Dye has not established good cause requiring a mandatory extension of time.

With respect to a permissive extension of time, there are several factors that weigh in favor of allowing Dye a limited amount of additional time to serve the three Defendants she has not yet served. First, the statute of limitations would allegedly bar her from refiling against these Defendants. Secondly, there are allegations that Kearney may be evading service. According to the representations of defense counsel, Kearney's last known location was outside of the United States. Finally, these Defendants will not be unfairly prejudiced if the Court grants additional time for service. The Court indicated to defense counsel at the hearing that it is willing to readjust deadlines as necessary to avoid any prejudice.

Because the Court believes that it should allow Dye some additional time to attempt to serve

these three Defendants, it will not grant the motion to dismiss at this time. The Court will allow Dye 15 days from the date of the hearing, or until June 17, 2004, to effect service on Kearney, Galvin, and Gallegos. If Dye does not serve these Defendants by that time, defense counsel should contact the Court's courtroom deputy, Ms. K'Aun Sanchez. The Court will then dismiss without prejudice the Defendants that Dye has not yet served.

**IT IS ORDERED** that the Defendant City of Albuquerque's Motion to Dismiss Defendants Kim Kearney, Gerry Galvin and Gil Gallegos is granted in part and denied in part. The Court denies the motion to the extent that it requests an immediate dismissal without any extension of time to effect service. The Court has set a firm deadline for service of process. If the Plaintiff has not served Defendants Kearney, Galvin, and Gallegos within 15 days of the hearing on this matter, the Court will grant the motion to dismiss and dismiss the claims against those Defendants without prejudice. The Plaintiff's Motion for Alias Summons is dismissed as moot.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Rudolph B. Chavez
Albuquerque, New Mexico

– and –

Thomas J. Clear, III
Clear & Clear, PA
Albuquerque, New Mexico

>   *Attorneys for the Plaintiff*


Paula I. Forney
   Assistant City Attorney
Albuquerque, New Mexico

>   *Attorney for the Defendants*