IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOLENE RAE DYE,

     Plaintiff,

v.              Civ.  No. 02-1501 JH/DJS

THE CITY OF ALBUQUERQUE, a political
subdivision of the State of New Mexico;
SGT. KIM KEARNEY, in her individual capacity;
SGT. MURRAY CONRAD, in his individual
capacity; Chief of Police GERRY GALVIN, and
his successor GIL GALLEGOS, in their individual
and official capacities as Chief of Police; LT. MIKE
CALLAWAY, in his individual capacity;
SGT. ROBERT HAARHUES, in his individual
capacity; and SGT. C. BAKAS, in his individual
capacity,

     Defendants.

## MEMORANDUM OPINION AND ORDER

   This matter comes before the Court on Defendants' *Motion to Dismiss Portions Of Count I Of Complaint Alleging Violations Of 42 U.S.C. § 1981* [Doc. No. 81] and Defendants' *Motion To Dismiss Count IV Alleging Violations Of The Equal Pay Act* [Doc. No. 83].  Both motions are brought in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the foregoing reasons, both motions should be granted.

<u>**DISCUSSION**</u>

Defendants filed their motions on October 20, 2004 and served Plaintiff's counsel by mail. Accordingly, Plaintiff's responses were due to the Court on November 8, 2004. As of the date of this Memorandum Opinion and Order, Plaintiff has not responded to either motion. Accordingly, under the Local Rules for the District of New Mexico, the Court deems the motions to be unopposed. When deciding a Rule 12(b)(6) motion, "the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003). This obligation means that a court may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default.

**I.    CLAIM FOR VIOLATION OF SECTION 1981**

A review of the complaint and the applicable law reveals that the motions should be granted on their merits. As Defendants correctly point out, 42 U.S.C. § 1981 does not permit recovery for sex discrimination. Both the Supreme Court and other circuit courts have considered Section 1981 to protect primarily against racial discrimination. *See, e.g., Keating v. Carey*, 706 F.2d 377, 384 (2d Cir. 1983) ("[A]lthough the courts have not limited the statute's proscription of racial discrimination by employing a 'technical or restrictive meaning' of 'race,' neither have they strayed far from a racial discrimination analogy." (internal citation omitted)). The text of Section 1981 circumscribes the kinds of protections that may be claimed under its auspices. The guarantee that "all persons" may enjoy the same rights that "white citizens" enjoy does not protect against discrimination on the basis of gender or religion, *Runyon v. McCrary*, 427 U.S. 160, 167, 96 S.Ct. 2586 (1976); disability, *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1411 (10th Cir. 1997); age, *Kodish v. United Air Lines,*

*Inc.*, 628 F.2d 1301, 1303 (10th Cir. 1980); or political affiliation, *Keating*, 706 F.2d at 384. Therefore, the portion of Count I of the Second Amended Complaint that purports to state a claim for discrimination on the basis of sex in violation of Section 1981 will be dismissed; however, this does not affect Plaintiff's claim for violation of Title VII as alleged in Count I.

## II.    CLAIM FOR VIOLATION OF THE EQUAL PAY ACT

The Equal Pay Act ("EPA"), found at 29 U.S.C. § 206(d)(1), provides in pertinent part:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions ....

Accordingly, to establish her prima facie case, a plaintiff complaining of EPA violations must show that "(1) she was performing work which was substantially equal to that of the male employees considering the skills, duties, supervision, effort, and responsibilities of the jobs; (2) the conditions where the work was performed were basically the same; (3) the male employees were paid more under such circumstances." *See Sprague v. Thorn Ams., Inc.*, 129 F.3d 1355, 1364 (10th Cir. 1997). If a prima facie case is so established under the EPA the defendant must undertake the burden of persuading the jury that there existed reasons for the wage disparity which are described in the EPA, 29 U.S.C. § 206(d)(1). These reasons are: (1) a seniority system; (2) a merit system; (3) a pay system based on quantity or quality of output; (4) a disparity based on any factor other than sex. *Tidwell v. Ft. Howard Corp.*, 989 F.2d 406, 409 (10th Cir. 1993).

In her Second Amended Complaint (hereafter, "Complaint") filed July 16, 2004, Plaintiff

alleges that she has been employed by the Albuquerque Police Department since March of 1990. Complaint at ¶ 4. With regard to her claim under the EPA, Plaintiff claims that in 1998, her employer offered an unspecified prize to the officers who confiscated the most motor vehicles, but that the prize was given to two male officers who confiscated fewer cars than had Plaintiff. Id. at ¶ 13. She also claims that in October of 2001, she had surgery on her knee. Her doctor cleared her to return to work, but her employer did not permit her to return to work until the City of Albuquerque Employee Health department cleared her return, a requirement that resulted in a delay that caused Plaintiff to miss the opportunity to work over a holiday weekend and receive "holiday pay that male officers received that weekend." Id. at ¶ ¶ 30-32. Finally, Plaintiff claims that since filing her Complaint in this case, she has suffered retaliation that has included not being permitted to attend motorcycle training, causing her to lose overtime pay and career advancement opportunities. Id. at ¶ 34.

The Tenth Circuit Court of Appeals has not directly addressed the issue of whether a plaintiff may state a claim under the EPA for her employer's discriminatory failure to give her an equal opportunity to earn overtime.[1] However, in *True v. New York State Dept. of Correctional Servs.*, 613 F. Supp. 27, 31 (W.D.N.Y. 1984), the court denied such a claim, finding that "[a]lthough plaintiff's allegations of discriminatory assignment of overtime might present a Title VII claim [,] she has neither contended nor alleged that she was actually paid at a lower rate than male employees." The Court agrees with this analysis. What crux of Plaintiff's claim is that she was subjected to unequal treatment

---

[1] The case cited by Defendants, *Ferroni v. Teamsters Chauffers*, 297 F.3d 1146 (10th Cir. 2002), simply does not stand for the cited proposition. Unfortunately, several of the cases cited by Defendants either do not exist, *e.g. Lauper v. Central Parking Systems*, 708 F.3d 725 (6th Cir. 1982) (case cited in a table with no actual opinion given), or do not provide support for the arguments for which they were cited. *E.g., Fyfe v. City of Fort Wayne*, 241 F.3d 597, 600 (7th Cir. 2001) (case does not contain the quotation cited on page 4 of Defendants' brief). The Court cautions counsel for Defendants to exercise greater caution in the future.

in the terms and conditions of her employment, not that she was paid less for equal work. Therefore, this portion of her EPA claim will be dismissed.

With regard to Plaintiff's claim of unfair deprivation of an unspecified "prize," the Court will not dismiss her claim at this time. The regulations interpreting the EPA shed light on this issue and provide, in pertinent part,

> Under the EPA, the term "wages" generally includes all payments made to [or on behalf of] an employee as remuneration for employment. The term includes all forms of compensation irrespective of the time of payment, whether paid periodically or deferred until a later date, and whether called wages, salary, profit sharing, expense account, monthly minimum, bonus, uniform cleaning allowance, hotel accommodations, use of company car, gasoline allowance, or some other name. Fringe benefits are deemed to be remuneration for employment. "Wages" as used in the EPA (the purpose of which is to assure men and women equal remuneration for equal work) will therefore include payments which may not be counted under section 3(m) of the FLSA toward the minimum wage....

29 C.F.R. § 1620.10. At this time, based upon the allegations in the Complaint, the Court cannot that the "prize" to which Plaintiff refers does not satisfy the definition of wages contained in the applicable regulations. Accordingly, this portion of Defendants' motion to dismiss will be denied.

IT IS THEREFORE ORDERED that Defendants' *Motion to Dismiss Portions Of Count I of Complaint Alleging Violations Of 42 U.S.C. § 1981* [Doc. No. 81] is GRANTED, and Plaintiff's claim under 42 U.S.C. § 1981 is DISMISSED WITH PREJUDICE. Defendants' *Motion To Dismiss Count IV Alleging Violations Of The Equal Pay Act* [Doc. No. 83] is GRANTED IN PART and DENIED IN PART. The portion of Plaintiff's claim against Defendants under the Equal Pay Act for failure to provide her an equal opportunity to work overtime is DISMISSED WITH PREJUDICE.

The remainder of Plaintiff's claim under the Equal Pay Act is unaffected by this Memorandum Opinion and Order.

UNITED STATES DISTRICT JUDGE