IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOLENE RAE DYE,

                Plaintiff,

v.                                       Civ. No. 02-1501 JH/DJS

THE CITY OF ALBUQUERQUE, a political
subdivision of the State of New Mexico;
SGT. KIM KEARNEY, in her individual capacity;
SGT. MURRAY CONRAD, in his individual
capacity; Chief of Police GERRY GALVIN, and
his successor GIL GALLEGOS, in their individual
and official capacities as Chief of Police; LT. MIKE
CALLAWAY, in his individual capacity;
SGT. ROBERT HAARHUES, in his individual
capacity; and SGT. C. BAKAS, in his individual
capacity,

                Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *Defendants' Unopposed Motion to Extend Page Limit* [Doc. No. 109], filed on March 7, 2005; *Defendants' Amended Motion to Exceed Page Limit* [Doc. No. 112], filed on March 8, 2005; *Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment* [Doc. No. 115], filed on March 14, 2005; and *Plaintiff's Motion for Stay of Deadline to File Response to Defendant's Motion for Summary Judgment* [Doc. No. 119], filed on March 23, 2005. The situation presented by these four motions stems from an unfortunate lack of professionalism by both Plaintiff's and Defendants' counsel.

By apparent stipulation of the parties, Defendants' motion for summary judgment was due on March 9, 2005. However, on March 7, Defendants actually filed their motion for summary judgment. On the same day, Defendants also filed a motion requesting a significant extension of the

page limit for both the brief and supporting exhibits. With regard to the extension of page limits, Defendants represented to the Court that "Plaintiff has been contacted and does not oppose this motion." However, that now appears to have been a misstatement. The next day, March 8, 2005, Defendants filed an amended motion to exceed page limits in which they revealed that in fact Plaintiff did oppose the extension of the page limits. In that pleading, Defendants offered no explanation for their prior misrepresentation that the motion was unopposed. The same day, Defendants filed a notice withdrawing the proposed form of unopposed order that they had submitted with their March 7 motion.

On March 14, 2005, Plaintiff filed her motion to strike Defendants' motion for summary judgment because it exceeds the page limits outlined in the Local Rules. On March 16, 2005, Plaintiff filed her response to Defendants' amended motion to exceed page limits. In both pleadings, counsel for Plaintiff has made it clear that in fact Defendants did not contact him prior to filing their March 7 motion to extend the page limits.

It is clear that this situation could have been avoided if counsel for Defendants had (1) filed the motion for extension of the page limits at an earlier date; and (2) exercised greater caution so that she could accurately represent the Plaintiff's position to the Court. The Court agrees with Plaintiff that Defendants must have known well in advance of March 7 that they would need such a substantial extension of the page limits for their motion for summary judgment, yet Defendants failed to alert the Court or the Plaintiff in a timely fashion. Further, it is no small matter to misrepresent to the Court the position of one's opposing party. Though Defendants acted promptly in correcting their error regarding Plaintiff's position, the situation should have been avoided entirely.

However, it is also clear that counsel for Plaintiff has aggravated matters, apparently without

good cause.  First, Plaintiff has offered no substantive reason why the Court should not allow the extension of the page limit.  Defendant has argued that the motion will address all remaining claims in the case (which are numerous), and that properly discussing the complex issues raised by those claims will require not only extra briefing, but extensive excerpts from Plaintiff's lengthy deposition transcript and affidavits from various defendants.  Plaintiff disputes none of these arguments, nor does she claim that she will be unfairly prejudiced by the extension.  Rather, she seems to oppose the extension just for the sake of opposing it.  Second, Plaintiff could have expressed her opposition to the extension simply by responding to the Defendants' amended motion.  For some reason, however, Plaintiff felt the need to also file a motion to strike the Defendants' motion for summary judgment.  That motion to strike merely reiterates the arguments set forth in Plaintiff's response to the amended motion for page limits, and similarly fails to provide the Court with any substantive reason why it should not permit the requested extension.

The most recent episode in this melodrama created by the parties occurred on March 23, 2005, the very date upon which Plaintiff's response to Defendants' motion to summary judgment was due.  Waiting until the eleventh hour, on that date Plaintiff filed her motion to stay her deadline to respond, arguing that she should not be required to respond to a summary judgment motion that exceeded the applicable page limits, and that if she must respond, she will need additional time and pages in which to do so. Counsel for Plaintiff does not indicate in the motion or supporting brief that he contacted counsel for the Defendants to seek her concurrence in an extension of time and of the page limit for the response brief.  Again, this situation could have been avoided if counsel for Plaintiff had contacted opposing counsel and attempted to deal with the matter by stipulation prior to involving the Court.

Significantly, this is not the first instance during the course of this litigation in which the Court has had reason to rebuke the parties and their counsel for unprofessional conduct. On February 16, 2005, Magistrate Judge Svet entered an order imposing a sanction of almost $1,300 on Plaintiff for improper refusal to answer deposition questions. In his January 20, 2005 Order, Judge Svet also found that Plaintiff's counsel's actions in advising his client not to respond to those questions violated standards of professionalism. By the same token, in its January 28, 2005 Memorandum Opinion and Order, this Court admonished counsel for Defendants for citing cases that did not provide support for the propositions for which they were cited and cases that did not contain the quotations counsel attributed to them.

Unfortunately, these prior efforts by the Court to encourage the attorneys in this case to adhere to the principles of professionalism and courteousness appear not to have had the desired impact. As a result, the Court has determined that counsel need to give the matter more serious thought.

Accordingly, the Court orders Mr. Clear and Ms. Forney to read the entire *Creed of Professionalism of the New Mexico Bench and Bar*, which may be found in the Bench and Bar Directory, as well as on the website of the New Mexico State Bar, www.nmbar.org. Then, each counsel must write an essay, no less than 1,500 words in length, the topic of which is "The Negative Impact on Lawyers, Judges, Clients, And The Public That Results When Attorneys Fail to Act in Accordance With the *Creed of Professionalism of the New Mexico Bench and Bar*." This essay is due to the Court no later than April 22, 2005, and must be accompanied by an affidavit certifying that the attorney has read the *Creed of Professionalism of the New Mexico Bench and Bar* and that the accompanying essay is his or her own work.

IT IS THEREFORE ORDERED that:

(1)   *Defendants' Unopposed Motion to Extend Page Limit* [Doc. No. 109], filed on March 7, 2005 is **DENIED AS MOOT**;

(2)   *Defendants' Amended Motion to Exceed Page Limit* [Doc. No. 112], filed on March 8, 2005 is **GRANTED**, and Defendants may file a motion for summary judgment not to exceed 70 pages in length and supporting exhibits of not more than 115 pages;

(3)   *Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment* [Doc. No. 115], filed on March 14, 2005 is **DENIED**;

(4)   *Plaintiff's Motion for Stay of Deadline to File Response to Defendant's Motion for Summary Judgment* [Doc. 119] is **GRANTED**; counsel are hereby ordered to confer regarding a deadline and page limit extension for Plaintiff's response to the motion for summary judgment and to inform the Court of their agreement by joint letter no later than April 5, 2005; if the parties are unable to agree on a deadline and page limit extension, then they must inform the Court of that fact by letter no later than April 5, 2005, at which point the Court will impose a deadline and page limit; and

(5)   Counsel for both Plaintiff and Defendants must submit an essay and accompanying affidavit in accordance with this Memorandum Opinion and Order no later than April 22, 2005.

_____
UNITED STATES DISTRICT JUDGE